UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MILLION BRIDGEWATER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:22-cv-01098-TWP-MPB |
| ) | |
| PRETORIOUS Warden, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

This matter is before the Court on Petitioner Million Bridgewater's ("Mr. Bridgewater") Petition for Writ of Habeas Corpus. (Dkt. 1.)  Mr. Bridgewater, an Indiana prisoner, filed this action to challenge a prison disciplinary proceeding identified as Case No. IYC 21-10-0322.  For the reasons explained in this Order, Mr. Bridgewater's Petition must be **denied.**

**I.  OVERVIEW**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

## II. THE DISCIPLINARY PROCEEDING

On October 25, 2021, Sergeant J. Rios wrote a Report of Conduct ("Conduct Report") charging Mr. Bridgewater with violating Code Number A-117, Battery Against a Staff Person. (Dkt. 12-1.) The Conduct Report states:

> On October 25, 2021, at approximately 12:17 a.m., I, Sergeant J. Rios attempted to place Offender Bridgewater, Million #250640 (HUS E4-7L) in mechanical restraints. Offender Bridgewater pulled his arms into his torso and began moving backwards at which point I called for yard staff via radio. Offender Bridgewater fell onto Officer Sutton in the E-Unit shower which is when I called for First Responders. Offender Bridgewater was trying to get up so I maneuvered to my left to get behind Offender Bridgewater so that I could place him in mechanical restraints. Offender Bridgewater grabbed my right leg and pulled me to the shower floor on my back, covering everyone in water. Offender Bridgewater tried mounting me and as he was doing so, began throwing multiple strikes to my facial region. I put both of my arms up defensively and began kicking and pedaling backwards to get away from Offender Bridgewater. Offender Bridgewater got up multiple times as well even as Officer Sutton attempted to gain compliance and control and bared down [on me], punching at my facial region.

*Id.* (cleaned up).

Officer T. Sutton also wrote a Staff Witness Statement which states the following:

> On 10/25/2021, at approximately 12:17 am[,] I, Officer T. Sutton was called via radio by Sergeant J. Rios to signal 8 to the latrine to assist due to Offender Bridgewater, Million #250640 HUS E4-7L being non-compliant. Sergeant J. Rios ordered Offender Bridgewater multiple times to return to his bunk for count which he refused to do. Sergeant Rios ordered Offender Bridgewater to submit to restraints which Offender Bridgewater also refused to do while cursing. The Offender got up and went to the sinks which is when Sergeant Rios gave another order to submit to restraints. I moved around Offender Bridgewater and tried to place him in restraints after Sergeant Rios was unsuccessful in his attempt to place him in restraints. Offender Bridgewater walked backwards into me, and we fell into the E-Unit shower. Offender Bridgewater put Sergeant Rios on the floor and began punching his facial area. Offender Bridgewater continuously tried to stand up all while trying to punch Sergeant Rios and to get me off him in the process.

(Dkt. 12-2.)

On March 22, 2022, Mr. Bridgewater was notified of the charge when he received the Notice of Disciplinary Hearing ("Screening Report") and the Conduct Report. (Dkts. 12-1, 12-3.)

2

He pled not guilty. (Dkt. 12-3.) On the Screening Report, Mr. Bridgewater requested a lay advocate and three witnesses – Offender Woodson, Offender Johnson, and Sergeant Rios. *Id*. He also requested photographs of Sergeant Rios, video evidence, the Incident Report, and "the UOF Packet." *Id.* The hearing officer granted Mr. Bridgewater's requests for a lay advocate and for witness statements from Sergeant Rios and Offender Woodson. (Dkts. 12-4, 12-6, 12-8.) However, the hearing officer denied Mr. Bridgewater's requests for photographs of Sergeant Rios and Offender Johnson's testimony because there were no photographs of Sergeant Rios and Offender Johnson was unavailable. (Dkts. 12-3, 12-7.)

On March 23, 2022, a hearing was conducted before a hearing officer. (Dkt. 12-5.) Mr. Bridgewater again pled not guilty. *Id.* The hearing officer recorded Mr. Bridgewater's statements as: "Touch from someone in a rude manner? I only received pictures of Officer Sutton not Rios. Offender Watson says I had blood on my mouth and tooth. Offender Johnson I guess is out to count." *Id.* (cleaned up). Based on Mr. Bridgewater's statement, the Conduct Report, Officer Sutton's statement, the pictures, and the witness statements, (Dkts. 12-1, 12-2, 12-5, 12-6, 12-8), the hearing officer found Mr. Bridgewater guilty. (Dkt. 12-5.) The hearing officer sanctioned Mr. Bridgewater with the deprivation of one year of earned credit time, two class credit demotions, and other sanctions that do not concern Mr. Bridgewater's custody. *Id.*

Mr. Bridgewater appealed to the Facility Head, and the appeal was denied. (Dkt. 12-9.) Mr. Bridgewater also appealed to the Final Reviewing Authority. (Dkt. 12-10.) The Reviewing Officer affirmed Mr. Bridgewater's conviction but reduced his sanctions to the deprivation of six months of earned credit time and one class credit demotion. *Id.* Mr. Bridgewater then brought this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### III.   ANALYSIS

The Court construes that Mr. Bridgewater has asserted four grounds for relief in his Petition. (Dkt. 1 at 3-5.) First, he asserts that the hearing officer violated several policies and procedures. Second, he argues that the hearing officer violated his due process rights by convicting him without sufficient evidence. *Id.* Third, he claims that the hearing officer violated his due process rights by denying his request to view photographs of Sergeant Rios' injuries. *Id.* at 4. Fourth, he argues that the hearing officer violated his due process rights by denying him the opportunity to cross examine witnesses. *Id.* at 6.

**A.   Prison Policies**

To begin, Mr. Bridgewater claims that the hearing officer violated several policies and procedures. (Dkt. 1 at 3-5 (Mr. Bridgewater states that staff members failed to document postponements and evidence denials and unavailabilities; failed to follow photograph and video procedures for A-117 offense occurrences; and failed to timely screen him).) Respondent counters that policy violations are inappropriate for habeas relief. (Dkt. 12 at 10-11.) Mr. Bridgewater does not address this argument in his reply. (Dkt. 13.)

Mr. Bridgewater's contention is unpersuasive. Prison policies are "primarily designed to guide correctional officials in the administration of a prison" and not "to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus

4

review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n. 2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief."). Accordingly, to the extent that Mr. Bridgewater argues that prison officials violated prison policies and procedures, his claims are **denied**.

B. **Sufficiency of the Evidence**

Additionally, Mr. Bridgewater argues that the hearing officer violated his due process rights because the hearing officer convicted him without sufficient evidence that he inflicted physical harm on Sergeant Rios. (Dkt. 1 at 3-5.) Respondent counters that the Conduct Report is sufficient evidence of Mr. Bridgewater's guilt. (Dkt. 12 at 10.)

In a prison disciplinary proceeding, the "hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). Further, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56; *see also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).

The "'some evidence' standard" is "a 'meager threshold.'" *Jones v. Cross*, 637 F.3d 841, 849 (7th Cir. 2011) (quoting *Scruggs*, 485 F.3d at 939). Once the court finds "some evidence" supporting the disciplinary conviction, the inquiry ends. *Id.* This Court may not "reweigh the evidence underlying the hearing officer's decision" or "look to see if other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348 (citing *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)). A conduct report "alone" may establish the "some evidence" requirement. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

The Indiana Department of Corrections defines Code Number A-117, Battery Against a Staff Person, as "[c]ommitting battery against a staff person, volunteer, independent contractor, or visitor." (Dkt. 12-11 at 3.)  Battery means "[k]nowingly or intentionally touching another person in a rude, insolent or angry manner; or in a in a rude, insolent, or angry manner placing any bodily fluid or bodily waste on another person." (Dkt. 12-12 at 3.)

Here, the Conduct Report provides sufficient evidence that Mr. Bridgewater knowingly or intentionally touched Sergeant Rios in a rude, insolent, or angry manner. (Dkt. 12-1.) Specifically, the Conduct Report states that Mr. Bridgewater cursed at Sergeant Rios while resisting commands for restraints, that he pulled Sergeant Rios to the shower floor, and that he punched at Sergeant Rios's "facial region" multiple times. *Id.* Officer Sutton's statement corroborates Sergeant Rios' account in the Conduct Report. (Dkt. 12-2 (Officer Sutton states that Mr. Bridgewater cursed at Sergeant Rios while refusing to submit to restraints, put Sergeant Rios on the floor, and repeatedly punched at Sergeant Rios' face).)  This is sufficient evidence of Mr. Bridgewater's guilt. *McPherson*, 188 F.3d at 786 (A conduct report "alone" may establish the "some evidence" requirement).

In his reply, Mr. Bridgewater repeats his arguments and adds that the Conduct Report is insufficient because it does not provide "a clear description of bodily injury" and his testimony contradicts Sergeant Rios' version of the incident.[1] (Dkt. 13 at 3.)  But battery does not require evidence of a bodily injury. (Dkt. 12-12 at 3.)  Moreover, lack of a physical injury merely challenges the effectiveness of Mr. Bridgewater's punches. (Dkt. 12-1 (Sergeant Rios states that

---

[1] To the extent that Mr. Bridgewater suggests that staff members violated prison policies by failing to document a bodily injury, his claim fails. (Dkt. 13 at 3.) As analyzed above, policy violations are not appropriate for habeas relief. *See Keller*, 271 F. App'x at 532 (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"). Thus, Mr. Bridgewater is not entitled to relief on this basis.

6

he covered his face with his hands to block Mr. Bridgewater's punches).)  Finally, even if the hearing officer believed Mr. Bridgewater's claims that a lack of physical injury demonstrates that he did not punch Sergeant Rios' face multiples times, the hearing officer had sufficient evidence to convict Mr. Bridgewater based on Sergeant Rios' statement that Mr. Bridgewater pulled him to shower floor while cursing and resisting commands to submit to restraints.  (Dkt. 12-1.)

While Mr. Bridgewater was free to raise these issues before the hearing officer, a court may not "reweigh the evidence underlying the hearing officer's decision" or "look to see if other record evidence supports a contrary finding."  *Rhoiney*, 723 F. App'x at 348 (citing *Webb*, 224 F.3d at 652).

For the reasons stated above, the Court finds that there is sufficient evidence to support Mr. Bridgewater's conviction.  Accordingly, he is not entitled to any relief on this claim.

**C.**     **Denial of Evidence**

Further, Mr. Bridgewater asserts that he was denied photographs of Sergeant Rios' injuries. (Dkt. 1 at 4.)  Respondent responds that any denial was not improper because 1) Sergeant Rios was not photographed; 2) the hearing officer permitted Mr. Bridgewater to view the photographs taken of Officer Sutton; and 3) A-117 offenses do not require bodily injury.  (Dkt. 12 at 6-8; Dkt. 12-3; Dkt. 16.)  Mr. Bridgewater does not address this claim in his reply.  (Dkt. 13.)

Due process affords an inmate in a disciplinary proceeding a limited right to present evidence.  *Wolff*, 418 U.S. at 566.  However, due process is not violated unless the inmate is deprived of an opportunity to present material, exculpatory evidence.  *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003).  Evidence is exculpatory if it undermines or contradicts the finding of guilt, *Jones*, 637 F.3d at 847, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780-81 (7th Cir. 2008).

7

Here, Mr. Bridgewater's due process rights were not violated because any photographs of Sergeant Rios' injuries were not material or exculpatory. As noted above, evidence of bodily harm is not necessary to establish guilt for an A-117 offense. Rather, battery merely requires "[k]nowingly or intentionally touching another person in a rude, insolent or angry manner." (Dkt. 12-12 at 3.) Therefore, even if the prison had photographs of Sergeant Rios and these photographs did not show any injuries, these photographs would not exculpate Mr. Bridgewater.[2] Accordingly, Mr. Bridgewater is not entitled to relief on this ground.

**D.     Cross Examination**

Mr. Bridgewater also argues that the hearing officer violated his due process rights by denying him the opportunity to cross-examine witnesses and that this denial prevented him from addressing discrepancies in their testimonies. (Dkt. 1 at 6.) Respondent counters that prisoners do not have a due process right to cross-examine witnesses. (Dkt. 12 at 12.) Mr. Bridgewater does not address this claim in his reply. (Dkt. 13.)

Mr. Bridgewater's argument is unavailing. There is no due process right to cross examine or to confront adverse witnesses in a prisoner disciplinary proceeding. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Accordingly, Mr. Bridgewater is not entitled to relief on this basis.

**E.     New Claim in Reply**

In his reply, Mr. Bridgewater argues for the first time that he was denied a fair hearing before an impartial decisionmaker and that the hearing officer denied his request to present Offender Johnson as a witness. (Dkt. 13 at 3-4.) Failure to raise an argument in a petition for a writ of habeas corpus results in waiver. *Wonsey v. City of Chi.*, 940 F.3d 394, 398-99 (7th Cir.

---

[2] The Court reviewed the photographs that Respondent submitted depicting Mr. Bridgewater, another prisoner, and Officer Sutton, and finds that these photographs are neither material nor exculpatory. Dkt. 17. Therefore, to the extent that Mr. Bridgewater argues he is entitled to these photographs, his claims are **denied**. *See Piggie*, 344 F.3d at 678 (noting that due process is not violated unless the inmate is deprived of an opportunity to present material, exculpatory evidence).

8

2019) (holding that arguments raised for the first time in a reply brief are waived); *Thompson v. Battaglia*, 458 F.3d 614, 616 (7th Cir. 2006) (A prisoner must present "[a]ll arguments for habeas corpus relief . . . in the petition.").

The Court has reviewed Mr. Bridgewater's Petition and finds that Mr. Bridgewater did not argue that he was denied a fair hearing before an impartial decisionmaker or that the hearing officer denied his request to present Offender Johnson as a witness. (Dkt. 1.) Because Mr. Bridgewater did not raise these grounds in his Petition, he waived these claims, and the Court need not consider them any further. Therefore, he is not entitled to relief on these waived claims.

### IV.   CONCLUSION

For the reasons stated above, Mr. Bridgewater is not entitled to habeas corpus relief under 28 U.S.C. § 2254. Accordingly, Mr. Bridgewater's Petition for a writ of habeas corpus is **DENIED** and the action is **DISMISSED with prejudice**.

Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date:  6/16/2023

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Million Bridgewater, #250640
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
Westville, Indiana  46391

Frances Hale Barrow
INDIANA ATTORNEY GENERAL'S OFFICE
frances.barrow@atg.in.gov